PATRICK ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

EVAN M. MATEER (CABN 326848)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Evan.mateer@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 4:23-mj-71006 MAG |
|---|---|---|
| Plaintiff, | ) ) ) | STIPULATION TO CONTINUE STATUS CONFERENCE AND TO EXCLUDE TIME FROM APRIL 2, 2025, TO APRIL 21, 2025, AND ORDER |
| v. | ) ) ) | |
| AIDAN PATRICK WORLEY, | ) ) | |
| Defendant. | ) ) | |

This matter is currently set for a status conference on April 2, 2025. The parties request a continuance to April 21, 2025 to allow for the parties to have final discussions regarding a potential pre-indictment resolution in this matter. The parties will be prepared to provide the Court with a substantive update on the status of this matter on April 21.

For purposes of computing the date under Rule 5.1 of the Federal Rules of Criminal Procedure for preliminary hearing, and the date under the Speedy Trial Act by which the defendant must be charged by indictment or information, the parties agree that the time period of April 2, 2025, through April 21, 2025, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in the filing of an information or indictment within the period specified in

18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Defense counsel represents that his client knowingly and voluntarily waives the timing for a preliminary hearing under Federal Rule of Criminal Procedure 5.1 through April 21, 2025.

The undersigned Assistant United States Attorney certifies that he has obtained approval from counsel for the defendant to file this stipulation and proposed order.

IT IS SO STIPULATED.

DATED: March 31, 2025            */s/ Evan M. Mateer*
                                 EVAN M. MATEER
                                 Assistant United States Attorney

DATED: March 31, 2025            */s/ Seth P. Chazin*
                                 SETH P. CHAZIN
                                 Counsel for Defendant

## ORDER

The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, as well as to waive the timing for preliminary hearing under Rule 5.1 of the Federal Rules of Criminal Procedure.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in the filing of an information or indictment within the time period set forth in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

The status conference in this matter is continued to 10:30 a.m. on April 21, 2025.  The time period from April 2, 2025, to April 21, 2025, inclusive, is excluded in computing the time within which an information or indictment must be filed under 18 U.S.C. § 3161(b) pursuant to the provisions of 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv).  Nothing in this Order shall preclude a finding that

other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which an information or indictment must be filed.

IT IS SO ORDERED.

DATED: April 1, 2025



HON. DONNA M. RYU
Chief Magistrate Judge